IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
|  | * |  |
| UNITED STATES OF AMERICA | * |  |
| v. | * | CRIM. NO. JKB-12-0103 |
| PATRICK BELZNER, | * |  |
| Defendant. | * |  |

\* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM ORDER

The Defendant Patrick Belzner was sentenced to a period of 180 months' imprisonment after pleading guilty to several counts related to wire fraud and tax evasion. (ECF No. 219.) Belzner is currently incarcerated at FCI Morgantown. He has now filed an Emergency Motion for Compassionate Release (ECF No. 407) and an Emergency Motion for Evidentiary Hearing (ECF No. 408) in light of the COVID-19 Pandemic Crisis. *See In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Case 1:00-mc-00308, Standing Order 2020-05 (D. Md. Mar. 20, 2020.) No hearing is necessary, *see* Local Rules 105.6, 207 (D. Md. 2018), and his Emergency Motion for Evidentiary Hearing will be DENIED. In addition, for the reasons set forth below, his Emergency Motion for Compassionate Release will also be DENIED.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction." A defendant may only move for compassionate release under § 3582(c)(1)(A) after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Belzner filed a request with the warden

1

of his institution for compassionate release, which was denied on April 27, 2020. (*See* ECF No. 407-1.) The Government does not dispute that Belzner has satisfied the procedural requirements of § 3582(c)(1)(A). Therefore, the question facing the Court is whether Belzner has provided evidence establishing the existence of "extraordinary and compelling" reasons for his release.

Under 28 U.S.C. § 994(t), the United States Sentencing Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." The Commission has stated that "extraordinary and compelling reasons" exist where: (1) a defendant has a terminal or serious medical condition; (2) a defendant with deteriorating health is at least 65 years old and has served ten years or 75% of his term of imprisonment; (3) certain family circumstances arise in which a defendant must serve as a caregiver for minor children or a partner; or (4) the Bureau of Prisons ("BOP") determines other circumstances create "extraordinary and compelling reasons" for sentence reduction. *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D).

This mandate and policy statement, however, predate the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), "which was enacted to further increase the use of compassionate release and which explicitly allows courts to grant such motions even when B[O]P finds they are not appropriate." *United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). This Court and many others have determined that under the First Step Act, "BOP is no longer the exclusive arbiter of what constitutes other 'extraordinary and compelling reasons,'" and that courts may now "independently determine what constitutes other 'extraordinary and compelling reasons' for compassionate release[.]" *United States v. Richardson*, Crim. No. JKB-09-0288, 2020 WL 3267989, at *2 (D. Md. June 17, 2020). This Court likewise has held that "medical conditions which make a defendant uniquely susceptible to complications from COVID-

19 create 'extraordinary and compelling reasons' to grant compassionate release pursuant to § 3582(c)(1)(A)." *Id. See also*, *United States v. Lewin*, Crim. No. SAG-15-198, 2020 WL 3469516, at *3 (D. Md. June 25, 2020) (A defendant can establish his entitlement to compassionate release by demonstrating that he "(1) has a condition that compellingly elevates his risk of becoming seriously ill, or dying, from COVID-19, and (2) is more likely to contract COVID-19 in his particular institution than if released.").

The totality of the circumstances does not establish extraordinary and compelling reasons for compassionate release.  Belzner has not identified medical conditions which increase his risk of severe illness should he contract COVID-19.  Belzner states that he is 51-years old and that his family has a history of high blood pressure and diabetes.  (ECF No. 407 at 2–3.)  The Centers for Disease Control ("CDC") states that as an individual gets older, the "risk for severe illness from COVID-19 increases."  Older Adults, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last accessed July 27, 2020).  However, the CDC also states that 80% of deaths from COVID-19 have been in individuals 65 years of age or older, a group significantly older than Belzner.  (*Id.*)  In addition, Belzner does not identify any underlying conditions that would increase his risk of serious complications from COVID-19.  Also weighing against a finding of extraordinary and compelling reasons for release is the fact that there are currently no confirmed active cases of COVID-19 among inmates or staff at FCI Morgantown.  *See* COVID-19 Cases, BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last accessed July 27, 2020).

Belzner also argues that compassionate release is warranted to allow him to help care for his 73-year old father who lives alone, to reconnect with his daughters, and because of the deaths of his mother and wife while he has been incarcerated.  Difficult family circumstances are not

unique to Belzner among incarcerated individuals, and none of these difficulties satisfy the high standard required to demonstrate extraordinary and compelling reasons for release. Further weighing against release is the fact that Belzner has served only a little over half of a 180-month sentence for serious crimes.  (*See* ECF No. 423 at 35.)  Collectively, these factors lead the Court to find that extraordinary and compelling reasons for release or sentence reduction do not exist at this time.

The Court acknowledges the very real danger posed by the COVID-19 pandemic and Belzner's legitimate concerns about his living situation.  However, Belzner has not presented extraordinary and compelling reasons in support of release, sentence reduction, or home confinement at this time.  Accordingly, Belzner's Emergency Motion for Compassionate Release (ECF No. 407) is DENIED.  However, this denial is without prejudice to Belzner's ability to make an updated request should his health or the conditions at FCI Morgantown substantially change.

DATED this 27th day of July, 2020.

BY THE COURT:

/s/

James K. Bredar
Chief Judge